## Balsbaugh *versus* Frazer.

1. In a suit by an administrator, the relationship of a juror to the plaintiff is a good ground of challenge.

2. An attorney at law has a right to recover from him who employs him whatever his professional services are reasonably worth; and, in a suit against him by his client, he has a right to retain his fees in the case out of the moneys in his hands: the payment of *the balance* is all that can be lawfully demanded from him.

3. By the Defalcation Act of 1705, no other plea than payment is necessary to let in a set-off. The jury in this case had the legal right to certify a balance in favor of the attorney.

4. As to the rights and duties which spring from the relation of counsel and client, and the mode of proceeding in such cases, see the opinion in this case.

ERROR to the Common Pleas of *Dauphin county*.

This was an action on the case, to January Term, 1851, by Balsbaugh, administrator of the estate of Catharine Mohler, deceased, *v.* —— Frazer, to recover certain moneys collected by defendant as an attorney at law. The plea of payment, &c., was put in, and the plea of *non assumpsit* was added during the trial. A verdict was rendered for defendant for $41.54.

Hannes Mohler, by his will in 1813, devised certain land to his son John, charged with £500, in favor of his wife Catharine, of which she was to receive the interest annually during her natural life, in case she did not marry; and if she did, only the interest of £300. The testator died in 1815; and arrearages of interest on the £500 accumulated till about 1838, when counsel was employed to collect the same. Further arrearages accumulated, and in 1845, Mr. Penrose was employed as counsel to collect them. After various proceedings a decree was made by the Supreme Court, in 1848, in favor of the widow for $1175.70. Mr. Penrose removed, and the collection devolved mainly upon Mr. Frazer, who became recognised as her counsel by Mrs. Mohler, through her son and her attorney in fact, Christian Bowman. A dispute arose with the defendant about the fees. The widow died in 1850, and this suit was brought after her death. The greater part of the money recovered was received *by the defendant;* part of it was received by Mr. Penrose, and a part by Mr. Amwake, another counsel.

A person was called as juror, who stated that he was an uncle of the administrator, plaintiff in the suit. He was challenged for that cause, and the challenge was sustained. The plaintiff's counsel excepted.

On the trial there was offered, on the part of *the defendant*, a check for $200 by defendant to Mr. Penrose, and the receipt by the latter for that amount. It was objected by plaintiff's counsel

[Balsbaugh *v.* Frazer.]

that an attorney at law has no right to detain any part of his client's money, and that he had no right to pay Mr. Penrose for professional services. The objection was overruled, and the papers were received, their effect to be decided on afterwards. This was the second bill.

Mr. Penrose was called as a witness, to prove the employment of defendant, Mr. Amwake and himself, as counsel in the case, in which the money was collected, and the value and character of the services. The evidence was directed to be received, and exception was taken on part of plaintiff. This was the third bill.

The witness was sworn on his *voir dire*, and a release was given to him by defendant from liability to him. He was admitted, and exception taken. Fourth bill.

Mr. Amwake was also called on part of defendant. He was released by the defendant, objected to, admitted, and exception was taken. This was the fifth bill.

He testified, *inter alia*, that he was employed as counsel by Bowman, attorney in fact for Catharine Mohler. That he collected a portion of the money and paid most of it to the defendant.

The sixth bill of exceptions was to the admission of a paper, which was objected to as not sufficiently proved.

The record of proceeding in Orphans' Court of Lancaster county, in the case in which defendant was concerned, embracing the record in the Supreme Court, was offered, to show the character of the case, in which the services were rendered, and the amount of the costs. It was objected to as irrelevant, was admitted, and exception taken. This was the seventh bill.

On the trial various points were submitted by the counsel of plaintiff, in substance, that if the defendant were the counsel of Catharine Mohler, he was bound to pay over to her or her agent the money received by him, and had no right to withhold from her or her agent any portion of it on account of fees, against her consent or that of her agent, and had no right to pay any part of it to his colleagues or other person without his client's order or permission.

PEARSON, J., replied that the points were substantially answered in the general charge.

In his charge, PEARSON, J., observed, that the defendant's payment to Mr. Penrose of $200 was a valid payment, if he was first employed in the cause, and took in Mr. Frazer, but retained all his authority over the cases to the last. If Mr. Penrose received more money than he is entitled to retain, the remedy of the plaintiff *is against him*, and not against defendant. That this disposed of the whole claim against defendant except $208.46. That sum and a balance over the defendant claims to retain for professional services rendered by himself and Mr. Amwake in collecting the

[Balsbaugh *v.* Frazer.]

moneys.    As to their right to retain, he charged that an attorney
was not bound to pay over to his client all the money he collected,
but that he had a lien, and was required to pay over only the
balance, after deducting his fees *in the particular case.*    That he
had as good a right to retain as an innkeeper or a mechanic.    That
the question did not necessarily arise here, as Mr. Penrose proved
an express agreement that he was to receive his fees out of the
money collected; but the Court said he preferred meeting the pro-
position of the plaintiff's counsel broadly, that the main question
may be put to rest in one way or the other.

He further charged, that if defendant paid to Mr. Amwake
more than his services were worth, the defendant must account
for it.

He referred to the jury the question, what the services of all
the counsel were reasonably worth; and instructed them that if
there was still money due to the defendant for his services, the
jury could certify a balance in his favor.

The jury rendered a verdict certifying a balance of $41.54, due
to defendant.

Error was assigned to the sustaining of the challenge to the
juror; to the admission of the evidence referred to in the 2d, 3d,
6th, and 7th bills of exceptions; to permitting Mr. Penrose and
Mr. Amwake to testify; in not explicitly answering and explaining
several of the points; also to the parts of the charge hereinbefore
referred to; *in charging* that it was proved that defendant had
paid $125 to Mr. Amwake before demand on him for the money,
(this was objected to as withdrawing the facts from the jury);
that the defendant will not be obliged to pay over the $125 till
he is properly compensated; that if the attorney has acted pro-
perly, he was entitled to compensation, and had a lien and could
retain; and that if there was money due to the defendant the jury
could certify a balance in his favor.

The case was argued by *Rawn*, for the plaintiff in error.—He
contended, *inter alia*, that the relationship of the juror not being
to Catharine Mohler, but to the administrator plaintiff, it was not
a sufficient ground of challenge.

He also contended that the defendant had no right to retain
money collected, or to set off against the demand of his client a
claim for his professional services.    Reference was made to Mooney
*v.* Lloyd, 5 *Ser. & R.* 412; 2 *Pa. Rep.* 75, Gray *v.* Breckenridge;
4 *Watts* 334, Foster *v.* Jack; 2 *Barr* 187; 2 *W. & Ser.* 128;
7 *Watts* 63; 3 *Id.* 357, Irwin *v.* Workman; 3 *Pa. Rep.* 224; 4
*Watts* 420, Bredin *v.* Kingland; 7 *Barr* 376, Walton *v.* Dick-
erson.

*McCormick,* contrâ.—It was alleged that in Walton *v.* Dickerson, the attempt was to retain for various services in matters unconnected with the particular collection. That it being determined in Foster *v.* Jack, 4 *Watts* 334, that an attorney could maintain an action of assumpsit for professional services, there was no good reason against his retaining his compensation. But the proof by Mr. Penrose was that he was to be paid out of the money when collected. Such express contract must govern in the case.

The opinion of the Court, filed July 20, 1852, was delivered by
BLACK, C. J.—The defendant in error, who was also defendant below, is an attorney-at-law. He collected certain moneys for the plaintiff's intestate, after a long and difficult proceeding in the Orphans' Court of Lancaster county, and afterwards in the Supreme Court, which he and other gentlemen concerned with him, conducted with diligence, skill, and success. After deducting from the amount he received what he claimed as a compensation for his own services, and what he had paid to his associates for theirs, he paid to his client the balance; and by some mistake, not very usual in such cases, paid about $41 more. But the amount deducted is alleged to have been too large, and this suit is brought to recover a portion of what was retained for fees. The jury, under the instruction of the Court, found for the defendant the $41.

By the Defalcation Act of 1705, no other plea than payment is necessary to let in a set-off. The certificate in favor of the defendant was, therefore, technically right.

The challenge to the juror was properly sustained. It is not denied that he was a relative of the plaintiff. A party who is an administrator has no more right to be tried by his relations than one who sues in his own right.

The six bills of exception to evidence may all be disposed of together, by saying that the witnesses objected to were competent, and no evidence was received which was not perfectly proper, legal, and pertinent to the issue. The eleven specifications of error in the charge might be dismissed with equal brevity; for it lays down the law clearly and correctly. But the rights and duties which spring from the relation of attorney and client, though very simple, seem not to be universally understood. It ought to be known that the following propositions are undeniably established by authority and fortified by reason:

1. The law of Pennsylvania, unlike that of England and of some of the other states in this Union, permits an attorney or counsellor to recover from those who employ him in his profession, whatever his services are reasonably worth; and the performance of such services at the instance or with the consent of the person about

[Balsbaugh *v*. Frazer.]

whose business they are rendered, implies an assumption to pay for them *quantum meruit*.

2. A claim for such services, like any other which arises out of a bargain or contract, express or implied, may be defalked against an adverse demand, and the party whose claim is the largest is entitled to the judgment.

3. An attorney who has money in his hands which he has recovered for his client, may deduct his fees from the amount, and payment of the balance is all that can be lawfully demanded.

4. If the client is dissatisfied with the sum retained, he may either bring suit against the attorney, or take a rule upon him. In the latter case the Court will compel immediate justice, or inflict summary punishment on the attorney, if the sum retained be such as to show a fraudulent intent. But if the answer to the rule convinces the Court that it was held back in good faith, and believed not to be more than an honest compensation, the rule will be dismissed, and the client remitted to a jury trial.

5. If, upon the trial, the jury finds that the attorney claimed no larger fee than he was justly entitled to, and in other respects behaved faithfully and well about his client's business, he should be allowed his demand, and a verdict rendered in his favor, if he has paid the balance; or a verdict against him only for the balance, if he has not paid it; or a certificate, as in this case, for what may still be coming to him.

6. But if he has not acted in good faith; if he has attempted to defraud his client, or connived at the fraud of others; if he has received money without giving notice to the client within a reasonable time; if he has refused or neglected to pay it promptly upon demand; if he has denied that he had it when questioned by one entitled to know; or, if he has fraudulently claimed the right to retain out of it a larger fee than the jury find to be just; he forfeits all claim to any compensation whatever, and the verdict should be in favor of the client for all the money collected, allowing no deductions for anything but actual payments. A party must not be put to two suits to recover the same debt.

7. Where one or more other attorneys have been employed with him who receives the money, the latter may safely pay to his colleagues their fees out of the fund collected, and is entitled to credit, provided he has not paid more than what is just and reasonable. But if he wilfully and knowingly overpays them, he may be compelled to pay it again to the client. Where such a payment by one attorney to another, for services rendered to a common client, has been too large, but was made honestly, and in the belief that it was right, the client may not recover any part of it from him who paid it, but must seek it from him who has it. Such a payment is not like the voluntary payment of one man's debt by another. One attorney has the same right to the possession of the fund that another has, and if one should

[Balsbaugh *v.* Frazer.]

hand over the whole of it to another, in whom the client has manifested the same confidence, and placed in the same relation to himself, he would be guilty of no wrong, unless it was meant for some improper purpose.

It is not even alleged, much less proved, that the defendant acted dishonestly. He is accused of paying a portion of the client's money to his colleagues. I have shown that to be no wrong. It is asserted that he retained too much for his own fee. The jury found, on sufficient evidence, and under correct instructions, that he did not retain enough.

Judgment affirmed.