# Martin *v.* Throckmorton.

*Foreign attachment—Answer of garnishee—Judgment.*

The answer of a garnishee is not to be construed with the same strictness as an affidavit of defense, but where such answer contains either a distinct admission of funds in possession, or of such facts as leave the possession of such funds a mere inference of law, the proper course is to enter judgment against the garnishee upon his answer.

*Attorney at law—Attachment execution—Counsel fee—Costs.*

An attorney at law who has collected a fund for a client, and has been summoned as a garnishee in a suit against his client, has the right to retain out of the money in his hands compensation for the services rendered by him as counsel in the particular proceeding in which he received that fund, together with the amount of the costs by him in that proceeding expended.

An attorney at law who has in any proceeding collected money for his client cannot set off against his client's claim for that money a claim due him for services as counsel in any proceeding other than that out of which the money came, unless the client has expressly agreed that the fund shall be so appropriated; nor can he retain out of money collected for his client as an individual compensation for his services rendered to the client as a trustee without establishing an agreement upon the part of the client that the money should be so retained.

Where an attorney at law has collected a fund for a client, and has been summoned as garnishee in a suit against the client, he cannot claim out of the fund in his hand for services in other proceedings than that out of which the money came, or for services rendered to the client acting as a trustee, unless he shows by his answer that his client had so agreed. If his answer fails to set forth such an agreement, judgment will be entered against him.

*Foreign attachment—Payment after service of writ.*

A claim by a garnishee that a payment which he had made to the defendant after service of the attachment was made with plaintiff's consent, is not sustained by a letter of the plaintiff's attorney, which simply said: "I do not object to your making payment to the defendant if you think proper, as long as you have funds to meet the attachment if sustained."

Argued Oct. 12, 1900. Appeal, No. 114, Oct. T., 1900, by garnishee, William C. Mayne, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1899, No. 9, on answers by garnishee in case of Thomas J. Martin, Jr., v. Catharine B. Throckmorton. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Foreign attachment against an attorney at law.

In answer to interrogatories, the garnishee admitted that he had in his hands $1,666.58, which he had collected from the defendant in certain .partition proceedings.   After the service of the writ he paid to the defendant $750.   He claimed that the plaintiff had consented to this by a letter dated August 15, from her counsel.   This letter was written in reference to a rule to quash the attachment, and is as follows:

"PHILADELPHIA, August 15th, 1899.

" MARTIN
v.          } C. P. No. 1, June Term, 1899, No. 9.
THROCKMORTON. |

"WILLIAM C. MAYNE, ESQ.

"My Dear Sir: I have received notice of your rule.   Kindly let me know when you will take depositions in support thereof. I do not object to your making payment to the defendant if you think proper so long as you have funds to meet the attachment if sustained

"Yours truly,
(Sgd.)     "THOMAS DIEHL."

The garnishee also made claim in his answers for counsel fees in the partition proceedings, and for services rendered to the defendant in her capacity of guardian.

The court entered judgment against the garnishee on his answers for the full amount of plaintiff's claim which was $681.45.   The garnishee appealed.

*Error assigned* was the order of the court.

*J. Martin Rommel,* for appellant.

*Thomas Diehl,* for appellee.

OPINION BY W. D. PORTER, J., January 22, 1901:

The answer of a garnishee is not to be construed with the same strictness as an affidavit of defense, but where such answer contains either a distinct admission of funds in possession, or of such facts as leave the possession of such funds a mere

inference of law, the proper course is to enter judgment against the garnishee upon his answer. In this case the answer of the garnishee admits that at the time of the service of the writ he had in his hands the sum of $1,666.58, which amount he had received as the attorney of the defendant in a certain proceeding in partition to which she was a party. The garnishee claims that he is entitled to certain deductions from said amount for credits upon his account, which credits are in the answer specifically set forth. The answer leaves no doubt as to the facts upon which the garnishee founds his claim for the various credits set up in his answer. The credits claimed by the garnishee are capable of distinct classification : 1. For his fees as counsel and costs paid by him in the particular case in which he received the money now in his hands. 2. His fees as counsel for services rendered the defendant in her capacity as guardian of certain minor children of Joseph W. Thockmorton, and costs paid for her in such representative capacity ; such services being rendered and costs paid prior to the service of the writ in this case. 3. The sum of $750 paid to the defendant subsequent to the service of this writ. 4. For his services as counsel for the defendant in this attachment proceeding ; making no claim for any expenditure to which he was put as garnishee. 5. For his services as counsel of the defendant in her capacity as guardian, as aforesaid, in a distinct and independent proceeding, rendered after the service of the writ.

It is clear that the garnishee had the right to retain out of the money in his hands compensation for the services rendered by him as counsel in the particular proceeding in which he received that fund, together with the amount of the costs by him in that proceeding expended : Balsbaugh v. Frazer, 19 Pa. 95. We must, therefore, deduct from the fund $200 counsel fees, and $32.50 costs paid in that proceeding. It is well settled that he who as an attorney at law has in any proceeding collected money for his client cannot set off against his client's claim for that money a claim due him for services as counsel in any proceeding other than that out of which the money came, unless the client has expressly agreed that the fund shall be so appropriated. An attorney cannot retain out of the money collected for his client, as an individual, compensation for his services rendered to the client as a trustee, without establishing

an agreement upon the part of the client that the money should be so retained.   There is fairly implied, from the nature of the relation sustained, an undertaking not to plead a set-off, but to account and pay over whatever money may come into the hands of the attorney in the character in which it is received: Russell v. First Presbyterian Church, 65 Pa. 9; Turnpike Road Co. v. Watson, 1 Rawle, 330; U. S. Bank v. Macalester, 19 Pa. 475; Simpson v. Pinkerton, 10 W. N. C. 423.

The answer of the garnishee does not allege that the defendant had agreed that his compensation for services as counsel in other proceedings, or those rendered to her in her distinctive character of guardian, should be retained out of the fund in his hands, and it, therefore, follows that he would not have been entitled to retain such compensation as against the demand of the defendant.   He could not have set off these claims as against his client at the time the writ was served upon him, nor when he filed his answer, and what the client could demand the garnishee is certainly entitled to recover.   This renders it unnecessary to consider the allegation of the garnishee that the judgment was entered by collusion between the plaintiff and the defendant, in order that the plaintiff might collect money which the defendant could not have compelled the garnishee to pay.   The amount received by the garnishee was $1,666.58.   The amount of counsel fees and costs which upon the face of his answer he was entitled to set off against his client's claim to this money was $232.50, leaving to be accounted for the sum of $1,434.08.   The answer alleges that the garnishee paid to the defendant, after the service of the attachment and with the consent of the plaintiff, the sum of $750.   This allegation if it stood alone would certainly be sufficient to prevent judgment if it was necessary to take that $750 into consideration; but the answer goes further and attaches a letter which it is alleged embodies the consent of the plaintiff to the payment of that amount.   An inspection of that letter makes it clear that the plaintiff did not give the consent of which the garnishee seeks to take advantage.   The attorney for the plaintiff simply wrote, "I do not object to your making payment to the defendant if you think proper, as long as you have funds to meet the attachment if sustained."   This was practically a notice to the garnishee that the latter might pay at his own

risk, and that the plaintiff intended to stand upon his legal rights. In order to charge the defendant, however, upon his answer for the full amount of the judgment which the court below entered against him, viz., $681.45, it was not necessary to take this $750 into consideration. The net amount in the garnishee's hands, after deducting his fees and costs, was $1,434.08. Deduct from this the $750 alleged to have been paid by agreement of all the parties, and we have remaining the sum of $684.08, which is more than sufficient to cover the amount of the judgment which the defendant is called upon to pay.

The judgment is affirmed.