## Mack, Appellant, *v.* Schuylkill Trust Company.

*Appeals—Certiorari—Statutory proceedings—Act of April 1, 1863, P. L. 188—Recording of deeds.*

A proceeding under the Act of April 1, 1863, P. L. 188, to compel the recording of a deed, may be reviewed as upon certiorari to determine whether the court below has kept within the limits of the powers conferred by the statute, and has exercised them in conformity with law.

*Conveyancers—Lien upon papers—Deed—Title insurance company.*

The primary employment of a title insurance company to act as conveyancer and insure the title to land, does not clothe the company with authority to accept a delivery of the deed, or take possession of it after it has been executed by the grantor.

Where a title insurance company, after having performed its duties as a conveyancer and title insurer, as such, further assumes the duty

specifically intrusted to it of accepting a deed, and delivering the consideration therefor, and placing the deed on record, it cannot retain possession of the deed and refuse to place it upon record until its bill as a conveyancer and title insurer has been paid.

Argued Dec. 4, 1906.   Appeal, No. 93, Oct. T., 1906, by plaintiff, from order of C. P. Schuylkill Co., March T., 1906, No. 280, discharging rule to compel the payment of a deed in case of Joseph P. Mack v. Schuylkill Trust Company.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Reversed.

Rule to compel the recording of a deed.   Before SHAY, J. The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court discharging the rule.

*E. O. Michener*, with him *M. P. McLoughlin*, for appellant. —The act of assembly affords the only relief at present which the owner of property has in order to get his deed recorded when it is in the possession of a third party, either properly or improperly: Ayers v. Ayers, 8 Pa. Dist. Rep. 734.

*Norman S. Farquhar*, for appellee.—No appeal lies in the case: Todd v. Patterson, 17 S. & R. 345; Com. v. Davis, 109 Pa. 128; White v. Leeds, 51 Pa. 187.

Appellee had a lien on the deed: Spring Garden v. Blight, 1 Phila. 553; Story on Agency, sec. 373; Dubois's App., 38 Pa. 231; McKelvy's App., 108 Pa. 615; Balsbaugh v. Frazer, 19 Pa. 95.

OPINION BY PORTER, J., February 25, 1907:

The appellant presented his petition to the court below, under the provisions of the Act of April 1, 1863, P. L. 188, entitled, " An act authorizing the courts of common pleas to compel the recording of deeds and other instruments of writing ; " averring that he was the present owner of certain lands, in Schuylkill county, and the grantee in a certain deed conveying the said lands, which deed was by the petition fully identified ; that the said deed was and had since its execution and deliv-

ery been in the custody and possession of the appellee and had not been placed on the record in said county, although petitioner had frequently requested the respondent to do so and tendered the full costs and charges attendant upon such recording; and that more than six months prior to the presentation of this petition the petitioner had served a written notice upon the respondent to have the said deed placed on record or deliver the same to the petitioner. The court granted a rule on the Schuylkill Trust Company, the respondent, to show cause why the deed should not be delivered up to the petitioner, or properly recorded according to law, in accordance with the provisions of the statute.

The respondent filed an answer, attached to and made part of which were copies of the entire correspondence between the parties relating to the transactions which resulted in the deed in question passing into the hands of the respondent. The facts alleged in the answer which are material to the question presented may be thus briefly stated; the appellant having entered into an agreement to purchase the lands in question, applied, through E. O. Michener, Esq., his attorney in Philadelphia, to the Schuylkill Trust Company for a policy of insurance on the title which he was about to acquire, and directed the trust company to prepare and send to the prospective grantors such deed as was necessary to pass the title to the purchaser. The trust company made the necessary examination of the record and prepared the deed in question and sent it to the attorney of the prospective grantors, for execution. The deed having been executed by the grantors, the parties fixed upon May 22, 1905, for the settlement of the transaction and delivery of the deed, and upon that day the appellant went from Philadelphia to the office of the attorneys for the grantors in Pottsville, the attorney of the trust company being present to advise the appellant; owing to the refusal of the grantors to carry out their contract the conveyance was not then consummated, but was postponed. After some correspondence between Mr. Michener and the attorney for the grantors the dispute was adjusted and, on May 29, 1905, Mr. Michener, for the appellant, wrote a letter to the trust company, inclosing two notes of the appellant, and saying: "You are authorized to deliver these notes to the Farmers

National Bank of Lebanon upon delivery by them to your company of the deed properly executed, which deed you will please place on record at once and forward me your bill for services." The trust company, by its secretary, on June 3, 1905, wrote acknowledging the receipt of the foregoing letter and the inclosed notes, and saying: "We forwarded the notes to Mr. Moyer and have received from him to-day the deed to Mr. Mack and have put it on record. . . . We herewith enclose you our bill for services rendered." The bill was for $272, of which $250 was the premium on the title insurance policy, in which the trust company was to covenant to indemnify the appellant against future loss, to the amount of $8,381.66, which policy had not been delivered to the appellant. Mr. Michener, for the appellant, at once wrote to the trust company objecting to the charge of $250 for the title insurance policy, and refusing to pay it upon the ground that the amount was exorbitant. The trust company replied insisting that the charge was reasonable, and explaining what had been done. After other letters had passed between the parties discussing the amount of the charge for the insurance of the title, the respondent company, on June 14, 1905, wrote to the attorney for the appellant and after referring to the amount of the bill said: "We have all the papers including the title insurance policy and are ready to deliver them to Mr. Mack upon payment of our bill. We might add that the deed to Mr. Mack is not recorded and that our title insurance policy only insures the title of Mr. Mack to the date of the deed. Any encumbrances or liens, that may arise affecting the title hereafter by reason of the deed not being recorded will be at Mr. Mack's risk." The answer asserted the right of the appellee to retain the deed and withhold it from the record until the bill of $272 was paid.

The petitioner immediately upon receipt of the letter last above quoted served upon the respondent written notice to record the deed, in accordance with the provisions of the act of April 1, 1863, and followed up that notice by instituting this proceeding. The matter was disposed of in the court below upon the petition and answer, which fully disclosed the facts, and no testimony was taken. The learned judge of the court below held that upon the facts set forth in the answer the re-

spondent had a right to retain the deed and withhold it from record until the bill of $272 was paid; and discharged the rule to show cause why the deed should not be placed on record or delivered to the petitioner. The petitioner appeals.

The appellee moved to quash this appeal upon the ground that the remedy which the appellant sought in the court below was purely statutory, and that the statute which afforded the remedy made no provision for an appeal. We have no doubt that the appellate courts are authorized to examine and review the proceedings of the court of common pleas in any matter specially committed to it by statute, so far as to inquire and determine the extent and limits of its power and the regularity of its exercise. The proper mode of asserting this jurisdiction was formerly by bringing the record of the proceedings before the appellate court for inspection by writ of certiorari. While under our present practice all proceedings for review are called an appeal, the change of name has no effect upon the jurisdiction of the appellate courts. In those cases in which a writ of certiorari would formerly have been the proper remedy we may now review the proceedings so far as to see whether they have kept within the limits of the powers conferred by the statute, and have exercised them in conformity with law : Northampton County Commissioners' Appeal, 57 Pa. 452; Pollard's Petition, 127 Pa. 507; Donoghue's License, 5 Pa. Superior Ct. 1. The motion to quash is overruled.

The general principle that an attorney at law or conveyancer may retain papers intrusted to him, until he has been paid for services rendered in regard to them, must be conceded to be well settled : Dubois's Appeal, 38 Pa. 231; McKelvy's Appeal, 108 Pa. 615 ; Balsbaugh v. Frazer, 19 Pa. 95. Whether this principle can be made to cover the premium which a title insurance company exacts as the consideration for its written covenants to indemnify against such future losses through such particular defects of title as come within the terms of its policy, is a different question, which under the view we take of this case it is not necessary to consider. An attorney at law, or conveyancer, who is employed to examine a title is not by virtue of that employment clothed with power to take possession of papers without the express authority of his client.

When one who is about to purchase land places in the hands of a conveyancer the agreement between himself and those from whom he is to buy, and instructs him to examine the title and prepare and send to the prospective grantors such a deed as may be necessary to properly convey the title, the conveyancer would undoubtedly have the right to retain, until his fees were paid, the original article of agreement which had thus been placed in his hands by his client, but upon such an employment, the conveyancer, after he had examined the title and prepared the deed and sent it to the prospective grantors, would have no lien or right to reclaim the paper with the possession of which he had thus parted.   Nor could there be inferred from such a relation of conveyancer and client an authority in the former to accept for his client a delivery of the deed after it had been executed by the grantors.   No agent can have a lien upon or right to retain property of a principal of which he obtains, without the authority of his principal, unlawful possession.   The primary employment of the respondent by the appellant did not clothe the former with authority to accept a delivery of the deed, or take possession of it, after it had been executed by the grantors.

The authority of the respondent to accept the delivery of this deed was founded only upon the letter of May 29, 1905, and that letter clearly defined the scope of the authority and the purpose for which it was granted, viz.: " You are authorized to deliver these notes to the Farmers National Bank of Lebanon, upon delivery by them to your company of the deed properly executed, which deed you will please place on record at once and forward me your bill for services."   Here was a grant of authority to accept the delivery of the deed, and in immediate connection therewith a duty was imposed upon the agent to at once place the deed upon record.   The agents could not have read the letter which conferred upon them the authority without clearly understanding that the purpose of the grant was that they might promptly record the deed.   When a grant of power to an agent to take possession of property of his principal is directly and expressly coupled with the imposition of a duty to be discharged with regard to that property, the agent cannot after exercising the power refuse to perform the duty.   The acceptance of the authority involves an assump-

tion of the duty.   That the officers of the trust company fully understood what their duty was with regard to this deed is established beyond question by the letter of June 3, 1905: " We forwarded the notes to Mr. Moyer and have received from him to-day the deed to Mr. Mack and have put it on record." They not only understood their duty, as agents, but they asserted that they had performed it, which assertion was not true.   The appellee has made all of these letters a part of the record by embodying them in its answer, and the facts thus brought upon the record make it clear that the appellee has no right to refuse to record the deed in question until the premium on the policy of title insurance has been paid.

The order of the court below is reversed and it is now ordered and decreed that the defendant do record in the office of the recorder of deeds of the county of Schuylkill the deed described in the petition, and that the costs in this court and the court below be paid by the appellee.