## Moscarelli *v.* Wakefield, Appellant.

*Attorneys at law—Compensation—Payment of fees to an associate attorney.*

Where two attorneys conduct a case for plaintiff, with full knowledge of the latter that both are engaged in the case, and one of the attorneys on the successful conclusion of the litigation, receives the whole amount of the judgment, and retains therefrom without objection his

own fee which had been agreed upon, and pays to his associate a reasonable and proper fee, he will be protected in such payment as against the client, although the latter may have not consented to the payment.

Argued April 22, 1913.  Appeal, No. 94, April T., 1913, by defendant, from judgment of C. P. No. 4, Allegheny Co., Fourth Term, 1908, No. 23, on verdict for plaintiff in case of Cesare Moscarelli v. James A. Wakefield.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.  Reversed.

Assumpsit to recover money alleged to have been wrongfully paid as an attorney's fee.  Before CARNAHAN, J.

In addition the facts are stated in the opinion of the Superior Court, it appeared that plaintiff conceded that $300 was a proper fee for W. H. Cox.

Defendant presented these points.

3. If you find that W. H. Cox was an attorney at law; that at the request of plaintiff he rendered professional services to the plaintiff in his action against Mercantile Trust Company, then the law creates a promise on the part of plaintiff to pay to said Cox what his services were reasonably worth.  For the amount of such reasonable compensation Mr. Cox had a lien upon the moneys collected in said action, and defendant here was justified in paying such reasonable compensation out of the moneys in his hands derived through said action.  *Answer:* Refused. [7]

4. In determining the reasonable value of the professional services rendered by Mr. Cox to the plaintiff, you must be governed by the evidence.  You cannot arbitrarily ascertain and fix such value.  If you find from the evidence that $800 was a reasonable compensation for Mr. Cox for the professional services rendered by him to plaintiff and that this sum was paid to him by defendant out of the fund that came into his hands as a result of the litigation in which Cox was employed,

then your verdict must be for the defendant. *Answer:* Refused. [8]

Verdict and judgment for plaintiff for $595.10. Defendant appealed.

*Errors assigned* were (7, 8) above instructions, quoting them.

*B. C. Tunison,* with him *Gordon & Smith,* for appellant.—To support his claim for professional services an attorney at law may either prove his retainer or original employment, or he may show the performance of the services within the knowledge of the client, and the recognition of the relationship by the client during the progress of the cause: Balsbaugh v. Frazer, 19 Pa. 95; Jackson v. Clopton, 66 Ala. 29; Hotchkiss v. Le-Roy, 9 Johns. (N. Y.) 142; Burghart v. Gardner, 3 Barbour (N. Y.), 64; Fore v. Chandler, 24 Tex. 146.

An attorney may recover from whom employs him whatever his services are reasonably worth, and the performance of such services at the instance or with the consent of the person about whose business they are rendered implies the assumption to pay for them quantum meruit: Balsbaugh v. Frazer, 19 Pa. 95; Hower v. Taggart, 2 Mona. 582; Young v. Merkel, 163 Pa. 513; Thompson v. Boyle, 85 Pa. 477.

Defendant was justified in paying to Mr. Cox out of the funds in his hands derived from the suit of plaintiff v. The Trust Company the sum of $800 as and for his fees in the said case: Balsbaugh v. Frazer, 19 Pa. 95; Seybert v. Salem Twp., 22 Pa. Superior Co. 459; Jackson v. Clopton, 66 Ala. 29.

*Lawrence M. Sebring,* with him *Wm. A. Jordan,* for appellee.

OPINION BY HEAD, J., July 16, 1913:

The plaintiff employed the defendant, a member of the bar of Allegheny county, to begin and prosecute for

him, in the courts of that county, some important litigation. An appropriate action was begun which in due course reached a trial that, after a vigorous contest in the court below, resulted in a judgment for the plaintiff for several thousands of dollars. The defeated litigant thereupon appealed to the Supreme Court. After a further contest in that court the judgment was finally affirmed. The judgment defendant then paid over to the defendant, as one of the plaintiff's counsel of record, the amount of the debt, interest and costs, and the judgment was by him satisfied.

The record discloses that William H. Cox, now deceased, of the Beaver county bar, was associated with the defendant as counsel for the plaintiff throughout the entire litigation. The amount of the compensation to be paid the present defendant, in case of a successful prosecution of the claim, had been agreed on under a special contract between him and the plaintiff. As to this there is no controversy, and the defendant without any complaint retained that sum. His associate counsel, Cox, claimed the sum of $800 for his services and demanded of the defendant that he should retain that sum for him. A dispute arose between the plaintiff and his attorney Cox as to the amount of that compensation, the plaintiff contending that the sum demanded was unreasonable in the light of the services rendered. The defendant had promptly paid over to his client the balance of the judgment and earnestly sought to bring about some understanding between his associate counsel and the plaintiff as to the amount of fees to be paid to the former. This he was unable to do. Finally, after a threat of suit by Cox for that sum, the defendant paid it over to him and this action by the plaintiff followed.

The learned trial judge appears to have steadily held that unless the defendant could establish to the satisfaction of the jury that he had been authorized by the plaintiff to make the payment to Cox, no other defense was available. That this statement fairly expresses his view

is evident from the following excerpt from the beginning of the charge delivered to the jury: "There is one question for you in this case and it is a very simple one. That is, whether there was authority, or even consent which would amount to authority, on the part of Moscarelli to the payment of the $800 to Mr. Cox. If there was, the defendant is entitled to a verdict. If there was not, then in the view that I take of this case the defendant was not justified in paying over $800 to Mr. Cox." The reason which led the learned judge to reach this conclusion is probably indicated in this portion of the charge: "If there were no contract in this case as to compensation, it is quite clear that Mr. Wakefield could have paid Mr. Cox for his services, if the two were employed together, a reasonable amount such as would compensate him for his services, and he would be protected in so doing, but, as I have already stated, that does not seem to be the case. You will therefore have no question of that kind to determine but simply the question as to authority or consent on the part of the plaintiff of the payment of this money to Mr. Cox."

The testimony in no way tended to establish any contract between the plaintiff and Cox fixing the amount of compensation the latter should receive. On the contrary, the plaintiff first attempted, in a faint-hearted way, to affirm that Cox had never been employed as counsel and that no relation of attorney and client existed between them. In this respect he was so overwhelmingly contradicted by all of the evidence in the case, including the record itself, that the learned trial judge properly dismissed that contention as untenable. The only contract disclosed by the evidence was that between the plaintiff and the defendant fixing the personal compensation of the latter. As to this there was no dispute. How the existence of that contract could become of controlling importance in determining the question here at issue we are unable to see. We have not before us the case of an agent who had received the money of his principal and

who on a settlement with the latter sought credit for a payment made to some third person without the direction or consent of the principal. Nor have we any attempt on the part of counsel to assert a right of lien or defalcation against the money of the client in the hands of third persons or upon a fund produced aliunde and brought into court for distribution, as in Dubois's App., 38 Pa. 231; Quakertown & Eastern Railroad Co. v. Indemnity Co., 206 Pa. 350.

When the relation of attorney and client, as between the plaintiff and Cox, was established, the law invested both with certain rights and imposed upon both certain obligations which neither was at liberty to deny. We have here in the hands and possession of counsel of record a fund created by the successful result of the litigation conducted by them. In such case, in the absence of any contract fixing the amount of compensation to be paid for professional services, counsel have always had the right to retain what would be a reasonable sum for that purpose. The fact that there was a contract fixing the compensation of one of the counsel in no way changed the situation that legally arose as between the plaintiff and the remaining counsel of record with whom he had no such express contract. But the law implied an undertaking on his part to pay reasonable fees, and the defendant was justified in recognizing his claim and paying it without any express warrant from his client, subject only to the risk that in case of dispute he would be obliged to show that he had not paid more than what would be determined to be reasonable compensation.

Had the judgment defendant in the case referred to paid the entire amount of the claim to Cox as counsel of record and obtained his satisfaction of the judgment, such payment would have been good. Undoubtedly, in that event Cox, in a settlement with his client, would have been protected in paying over to his associate the compensation agreed on between the latter and the plaintiff, and would have been further warranted in retaining

for himself reasonable compensation for his own services. If the amount of the judgment had been paid to both counsel of record and they had jointly held it, the same result would have followed. The controlling principle in such cases was long ago stated by Chief Justice BLACK in Balsbaugh v. Frazer, 19 Pa. 95: "The law of Pennsylvania, unlike that of England and of some of the other states in this Union, permits an attorney or counsellor to recover from those who employ him in his profession, whatever his services are reasonably worth; and the performance of such services at the instance or with the consent of the person about whose business they are rendered, implies an assumption to pay for them quantum meruit. . . . An attorney who has money in his hands which he has recovered for his client, may deduct his fees from the amount, and payment of the balance is all that can be lawfully demanded. . . . Where one or more other attorneys have been employed with him who receives the money, the latter may safely pay to his colleagues their fees out of the fund collected, and is entitled to credit, provided he has not paid more than what is just and reasonable." This case has been frequently cited with approval by the Supreme Court in later cases without any criticism of the soundness of the principles enunciated in the language quoted.

The application of these principles to the case in hand clearly demonstrates in our opinion that the learned judge below fell into error. To follow the doctrine of the case cited would not, as argued by the appellee, put it into the power of the present defendant to conclusively determine either that Cox was in fact the attorney for the plaintiff or the amount of the compensation which the former had reasonably earned. So far as his action was predicated on either of these facts, the law imposed upon him the burden of establishing before the ordinary tribunals both of the propositions. As we have already stated, the proof clearly showed that he had abundantly discharged the first burden, and the evidence, not con-

tradicted in this respect, just as clearly warranted a finding that he had paid no larger sum than had been reasonably earned. Under the view taken by the learned trial judge and frequently indicated in the course of the proceeding, it may well be that the plaintiff did not think it necessary to offer any proof on that subject. If upon another trial such proof should be offered, there would then be a question of fact to be determined by the jury under proper instructions from the court.

The view we have thus taken makes it unnecessary to go over the assignments of error in detail. When the case is retried upon the correct theory indicated in this opinion no such questions will arise.

The judgment is reversed and a venire facias de novo awarded.