## National Slovak Society v. Gunther

*J. M. Stoner & Sons*, for petitioner.

*Joseph S. D. Christof*, for defendant.

Before Smith, Ellenbogen, and Marshall, JJ.

MARSHALL, J., May 26, 1939.—This matter comes before the court on petition and answer. The case was placed on the argument list by counsel for the National Slovak Society without taking testimony. We take the facts from the petition and answer. Briefly, petitioner employed respondent, Blair F. Gunther, an attorney, to collect a claim of the society against the Bielek Distributing Company, Inc.

Mr. Gunther was authorized by petitioner to settle this claim for $3,500 and it was agreed that he was to receive a fee of $350. There is no dispute between petitioner and

respondent as to the amount of the fee in this particular case.

Respondent made the collection of $3,500 and has re-. tained the sum collected, claiming that a sum in excess of $3,500 was due him from the National Slovak Society for legal services rendered during the year 1933 in another and entirely different matter. Petitioner alleges in the petition that it never employed Mr. Gunther at any time other than in the case above set forth.

A rule was granted on respondent to show cause why he should not pay over the balance of $3,150 to petitioner. The question before the court is "does respondent have the right to retain money of his client for fees alleged to be due in cases other than the one in which the money was obtained?"

Petitioner claims that, even though respondent was employed by petitioner in another case, under the law in Pennsylvania he is confined strictly to fees due for services in the particular case in which the money was obtained.

Petitioner relies on the case of Martin v. Throckmorton, 15 Pa. Superior Ct. 632. This case holds:

"It is well settled that he who as an attorney at law has in any proceeding collected money for his client cannot set off against his client's claim for that money a claim due him for services as counsel in any proceeding other than that out of which the money came, unless the client has expressly agreed that the fund shall be so appropriated.'

Petitioner concedes that in many jurisdictions an attorney's retaining lien, as opposed to a charging lien, is good for any general balance due the attorney from the client, whether arising by virtue of the particular case, or by virtue of other cases in which fees are due: 97 A. L. R. 1134.

Petitioner maintains, however, that Pennsylvania has never recognized such a lien and that in Pennsylvania

there is no distinction between the retaining lien and charging lien.

A discussion of the two types of liens is found in Harris' Appeal, 323 Pa. 124. In short, a charging lien is where the attorney has a lien for property or money that he was instrumental in collecting which is not in his possession. Controversies usually occur where another creditor of the client has secured a judgment or put in a claim.

A retaining lien is a lien depending upon possession by the attorney and binds only money, papers, or other property in his hands which he was instrumental in collecting. Unlike the retaining lien, the charging lien does not depend upon possession nor is the charging lien a merely passive one but, on the contrary, it entitles the attorney to take active steps to secure satisfaction.

Therefore, in the case before us, counsel for the National Slovak Society of the United States of America under the pleadings has a retaining lien for $350, the amount that both sides agree was the sum fixed as the fee for respondent in settling the case before mentioned.

Respondent claims that a retaining lien is far more embracing than is contended by petitioner, and curiously enough both parties cite and rely upon the case of Smyth v. Fidelity & Deposit Company of Maryland, 125 Pa. Superior Ct. 597. In this case, Judge Cunningham said, pp. 601-603:

"Attorneys' liens existing at common law are divided into two distinct classes—the general or 'retaining' lien, i. e., the right of the attorney to refuse to surrender documents, papers, etc., belonging to his client, and the 'charging lien,' or the right to be paid out of a fund or judgment which he has been instrumental in recovering for his client. We are here concerned only with the former. If appellant had an attorney's lien in the present case, it was a retaining lien . . .

"No Pennsylvania cases have been brought to our attention dealing directly with the technical 'retaining'

lien. However, our cases, relating mostly to some phase of a charging lien or right of defalcation, as it is designated, show by their broad language that an attorney has a common law retaining lien in this state."

Respondent relies upon this case which holds that counsel has a retaining lien and claims that a retaining lien should be interpreted as it existed at common law and as it is recognized in many other jurisdictions, which does not limit an attorney to a lien due him on the fund collected in the particular case in which the money was obtained but applies to any general balance due the attorney from the client. In other words, respondent argues that the common law is the law of Pennsylvania unless abrogated by the Constitution, statute, or a judicial decision.

Respondent's counsel has submitted a very exhaustive and able brief, but we believe that his contention is invalid. We must concede that respondent's claim is an unliquidated one. In the first place, the law of set-off applies only where one party has brought suit against another. It does not apply where the relationship between the parties is that of trustee and that of cestui que trust. Then again we are faced with the unreversed decision of Martin v. Throckmorton, supra. At least we believe that it is not reversed by the case of Smyth v. Fidelity & Deposit Company of Maryland before referred to. We also quote from the case of Tagg v. Bowman, 108 Pa. 273, 277, where the court said:

"The receipt of money by one person from another, to be applied to a specific purpose, implies an agreement, on the part of the former, not to apply it to any other use, and of course not to his own by pleading a set-off."

The above principle of law is reaffirmed in Valley Butter Co. v. Minnesota Cooperative Creameries Assn., 300 Pa. 102, and Kelter, Trustee, v. American Bankers Finance Co., 306 Pa. 483.

We therefore decide that petitioner's rule be made absolute and respondent is directed to pay over to petitioner,

the National Slovak Society of the United States of America, $3,150, with interest.

We have further decided so that no unnecessary hardship will be suffered that we will advance respondent's case against petitioner organization upon request and an early date will be fixed for trial.

### Order

And now, to wit, May 26, 1939, petitioner's rule is made absolute and respondent is directed to pay to petitioner, National Slovak Society of America, the sum of $3,150, with interest.