# George W. Spencer's Appeal.

## Yeager's Estate.

Where an attorney at law of ample financial responsibility has, by the services for which he was employed, produced in the hands of the clerk of the orphans' court a fund for his client, the court will not, by means of an order on the clerk, put the client in possession of the fund when the probable effect would be to deprive the attorney of compensation for his services, but will permit the clerk to pay over the fund to the attorney and leave the client to his legal remedy.

(Argued April 25, 1887. Decided May 9, 1887.)

January Term, 1887, No. 364, E. D., before Mercur, Ch. J., Gordon, Trunkey, Sterrett, Green, and Clark, JJ. Appeal from a decree of the Orphans' Court of Erie County discharging a rule for an order on the clerk of the court to pay over certain money to a distributee. Affirmed.

The facts were stated by Galbraith, P. J., in the opinion of the court below, which was as follows:

It appears from the evidence taken in this case that Clark Olds, Esq., an attorney of this court, was employed by the petitioner to attend to his interest in connection with the settlement of the estate of Daniel Yeager, deceased; that he did give the business his personal care and attention, rendering considerable and valuable service, and that after the whole matter had been brought to a successful conclusion and the money had been paid into court, the petitioner sought to avoid and evade the payment of the proper compensation earned by and justly due to his counsel, attempting to draw the money himself, and for the evident purpose of defrauding him of his fees, he, the petitioner, living in a distant state and having no property here.

Note.—An attorney has no lien for compensation upon funds of his client not in his hands. Eddinger v. Adams, 4 Kulp, 401; Patrick v. Smith, 2 Pa. Super. Ct. 113, 39 W. N. C. 4; Dubois's Appeal, 38 Pa. 231, 80 Am. Dec. 478. But the court may protect the attorney as in Spencer's Appeal. McKelvy's Appeal, 108 Pa. 615. Where the property is in his possession, he has a lien. Balsbaugh v. Frazer, 19 Pa. 95; Com. v. Herr, 1 Pearson (Pa.) 328; Springer's Estate, 3 Lanc. L. Rev. 173.

Now it is true, as claimed on part of the petitioner, that the attorney has no lien upon the money in court; but as the amount has, it appears, been paid by the clerk to the attorney of record, who is amply responsible, and as the petitioner has his legal remedy, we are not disposed to become a party to his apparently intended wrong by using the power of the court in the way we are asked to do.

The order is refused and the rule discharged.

The assignment of error specified the action of the court in discharging the rule.

*S. L. Gilson,* for appellant.—An attorney has no lien for his fees upon a fund in court. Dubois's Appeal, 38 Pa. 231, 80 Am. Dec. 478; Irwin v. Workman, 3 Watts, 357.

*Davenport & Griffith* and *William Benson,* for appellee.—

The orphans' court is a court of equity. Having taken jurisdiction of the subject-matter in controversy, it has a right to determine and adjudicate every matter and thing connected therewith. It is not claimed that the appellee has a lien upon the money in court.

When a fund is brought into a court of equity by the services of an attorney, who looks to that alone for compensation, though his interest is not in the nature of a lien, he is the equitable owner thereof to the extent of the value of his services; and the court administering the fund will intervene for his protection and award him a reasonable compensation therefrom. McKelvy's Appeal, 15 W. N. C. 564.

PER CURIAM:

The learned judge found as a fact that the money was paid to one who, as an attorney of the court, was employed by the petitioner to attend to the business which produced the money in contention, and that he did render considerable and valuable services, and brought the matter to a successful conclusion. He was, therefore, undoubtedly entitled to pay for his services. It is not shown that he demanded an unreasonable fee or that he was unwilling to pay over the residue of the money to the petitioner.

Under all the facts of the case, we see no sufficient cause for reversing the action of the court.

Decree affirmed and appeal dismissed, at the costs of the appellant.