# Laplacca et ux., Appellants, *v.* Philadelphia Rapid Transit Company.

*Constitutional law—Special legislation—Creation and extension of liens—Attorney's Lien Act—Act of May 6, 1915, P. L. 261.*

The Attorney's Lien Act of May 6, 1915, P. L. 261, giving attorneys of record in legal proceedings the right of lien to any award, compromise or verdict in favor of the client regardless of whether the proceeds were at any time in the hands of the attorney, provides a new method for the collection of what theretofore was merely a debt owing by the client to the attorney and is special legislation creating a lien and providing for the collection of a debt in favor of only a part of a larger class in violation of Article III, Section 7, of the Constitution, forbidding the passage of any special law authorizing the creation or extension of liens or providing or changing methods for the collection of debts.

Argued May 13, 1919.   Appeal, No. 21, Jan. T., 1918, by Abraham Wernick, Intervenor, from judgment of Su-

perior Court, Oct. T., 1916, No. 299, reversing judgment of the Municipal Court of Philadelphia, Aug. T., 1915, No. 302, ordering defendant to pay plaintiff's attorney a fee in the case of Petro Laplacca and Catalda Laplacca v. Philadelphia Rapid Transit Company, Abraham Wernick, Intervenor.   Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ.   Affirmed.

Appeal from judgment of the Superior Court.   See 68 Pa. Superior Ct. 208.

Petition by plaintiff's attorney under the Attorney's Lien Act for an order directing payment, by defendant, to plaintiff's attorney of $35 for services rendered in the case.

The Superior Court reversed the order of the lower court directing defendant to pay plaintiff's attorney. Abraham Wernick, intervenor, appealed.

*Error assigned* was the judgment of the Superior Court.

*B. D. Oliensis,* with him *Abraham Wernick* and *Thomas James Meagher,* for appellant.—Lawyers are a special class justifying special legislation: Illinois Central R. R. Co. v. Wells, 104 Tenn. 706; Herman Construction Co. v. Wood, 35 Okla. 103.

The class created by the act is not unduly restricted.

*Russell Duane,* with him *Harry S. Ambler, Jr.,* for appellee.—The Act of May 6, 1915, P. L. 261, violates the State Constitution, because it both authorizes the creation and extension of a lien and provides a new method for its enforcement.

A claim of an attorney at law for compensation for professional services is one arising out of contract. Hence it is a debt: Balsbaugh v. Frazer, 19 Pa. 95.

The act changes the methods of collecting such a debt in existence at the time of the passage of the act.   Pre-

viously thereto an attorney could only assert a lien or a right of defalcation for his fees upon papers or money of his client in his possession: McKelvy's App., 108 Pa. 615; Aber's Petition, 18 Pa. Superior Ct. 110; Seybert v. Salem Township, 22 Pa. Superior Ct. 459.

The courts have consistently refused to sustain the constitutionality of numerous acts of the legislature creating new liens or extending old ones for the benefit of many different trades and occupations: Sumption v. Rogers, 53 Pa. Superior Ct. 109; Sauer v. Doerfer, 22 Dist. 39; Antreason v. Samarsien, 18 Dist. 335; Jenkins v. Davis, 18 Dist. 928; Michaels v. Cunningham, 20 Dist. 170; Penna. Co. v. Carr, 62 Pitts. 391; Colonial Mfg. Co. v. Rogers, 22 Dist. 714; Vulcanite Portland Cement Co. v. Allison, 220 Pa. 382.

OPINION BY MR. JUSTICE FRAZER, June 21, 1919:

Appellant, an attorney, brought suit on behalf of plaintiffs against defendant, to recover damages for personal injury sustained by one of plaintiffs.   Subsequently plaintiffs and defendant settled the case without consulting and without consent of appellant, who thereupon filed his petition in the court in which the action was brought, pursuant to the Act of May 6, 1915, P. L. 261, known as the Attorney's Lien Act, and procured an order from the court for the payment, by defendant, to him of the sum of $35 for services rendered in the case. On appeal by defendant the Superior Court reversed the order, and, upon application, an appeal was allowed to this court.   The single question for our determination is the constitutionality of the Act of 1915.

Section 1 of the statute in question provides: "That from the commencement of any action or proceeding, either at law, in equity, or otherwise howsoever, or the filing of any counterclaim or any pleading, the attorney who appears of record for a party therein shall have a lien for his compensation for his services upon his client's cause of action, claim, or counterclaim,

which shall attach to any award, order, report, decision, compromise, settlement, verdict, or judgment in the client's favor, and the proceeds thereof in whosesoever hands they may come; and the said lien shall not be affected or defeated by any compromise or settlement between the parties before or after judgment: Provided, however, that nothing herein contained shall prevent the bona fide compromise or settlement of litigation by the parties thereto, subject to the lien of the attorney as provided by this act." Section 2 further provides that "the court in which the cause is brought shall, on the petition of the client or of the attorney, have jurisdiction to determine and enforce the lien."

This act creates a new right in favor of attorneys of record in legal proceedings. Previous to its passage the lien of attorneys for the payment for services was limited to documents or money in their possession belonging to clients in connection with the proceedings in which the services were rendered: McKelvy's App., 108 Pa. 615; Quakertown, etc., R. R. v. Guarantors L. Indemnity Co., 209 Pa. 121; Seybert v. Salem Township, 22 Pa. Superior Ct. 459. That the lien might attach it was necessary the subject-matter should come into actual possession of the attorney. The act in question extends the right of lien to any award, compromise or verdict in favor of the client "in whosesoever hands they may come," regardless of whether the proceeds were at any time in the hands of the attorney. It also confers upon the court in which the action is pending, on application of the party aggrieved, jurisdiction to "determine and enforce" the lien. We thus have an enactment radically different from any law existing before the date of its passage, providing a remedy different from common law or statutory remedies in force at that time, or at the time of the adoption of the present Constitution. From a mere statement of the provisions of the act it is apparent a lien is created where none previously existed and a new method is provided for the collection of what theretofore was merely a debt

owing by the client to the attorney (Thompson v. Boyle, 85 Pa. 477; Seybert v. Township, supra,) within the meaning of Article III, Section 7, of the Constitution, forbidding the passage of any local or special law authorizing "the creation, extension or impairing of liens ......or providing or changing methods for the collection of debts."

All legislation, however, relating to the creating of liens, or providing new methods for the collection of debts, is not prohibited by the Constitution, but such only as comes within the definition of local or special laws. The act in question applies generally to the entire State, hence is not local. We must, therefore, determine whether its provisions are special within the meaning of the word as used in the Constitution. The answer to this question must, in turn, depend upon whether a statute affecting only lawyers and extending to them rights and privileges in the collection of their fees, not accorded to members of other professions, contains a proper classification.

It may be conceded that for certain purposes such, for example, as regulation of their rights and duties, members of particular trades, professions or occupations, may be properly classified: Wheeler v. Phila., 77 Pa. 338, 349; Garrett v. Turner, 235 Pa. 383; 12 Corpus Juris 1136, 1137. Such grouping is subject, however, to the qualification that the basis for classification must be reasonable and proper and founded upon a real, and not merely artificial, distinction between the members of the class and the general public, and based upon "a necessity springing from manifest peculiarities, clearly distinguishing those of one class from each of the other classes, and imperatively demanding legislation for each class, separately, that would be useless and detrimental to the others": Ayars's App., 122 Pa. 266, 281, quoted with approval in Com. v. Puder, 261 Pa. 129, 135. The latter case, where the constitutionality of an act regulating the business of loaning money in small amounts was upheld,

contains a general discussion of the principles governing the classification of trades or businesses.

Tested by the foregoing principles the act in question cannot be sustained as one where classification can be upheld on the ground of necessity. Attorneys do not differ materially from other classes. The desire, and presumably the need, to collect compensation for services, whether physical or mental, is not peculiar to attorneys, but is shared in common by all other members of society who labor for their daily bread. No adequate reason appears for placing an attorney of record in a favored class, not only as against persons in other professions or occupations but also against other members of his profession who render services but do not appear of record in a court proceeding, and provide him with a special means of collecting his debt different from a method heretofore known to the law. He has a right, the same as a physician, or person in another profession or occupation or business, to sue and recover for his services. Although an attorney is also an officer of the court, and a law regulating his duties as such would be considered proper classification, this fact furnishes no valid reason for conferring special benefits upon him in the way of providing a lien for services rendered his client or a new method of collecting compensation for his services. Classification for this purpose is as unwarrantable as classification of sheriffs and prothonotaries, with respect to the collection of their fees: Strine v. Foltz, 113 Pa. 349.

Illustrative of the construction and application of the constitutional clause in question are the numerous cases decided under the Mechanics' Lien Acts, wherein it has been held uniformly that a statute extending the law relating to mechanics' liens as it existed at the time of the adoption of the Constitution of 1874, provides a new method for the collection of debts due a particular class of creditors, and, consequently, is void: Sax v. School District, 237 Pa. 68; Smith's App., 241 Pa. 336, and numerous cases therein cited. In the former case this court

held the Act of May 6, 1909, P. L. 441, providing for the collection of money due subcontractors for materials and labor furnished in the construction of municipal improvements, was unconstitutional as a new system by which a particular class of creditors were permitted to collect a special class of debts.   In the latter case it was held that the Act of April 22, 1903, P. L. 255, amending the Mechanics' Lien Law of June 4, 1901, P. L. 431, providing a means of recovery for labor and materials furnished a structure for purely public purposes in lieu of the lien given by the general Mechanics' Lien Law, was void as being a new method for the collection of debts.

We find in the present case nothing to justify classification of attorneys for the purposes included within the scope of the statute and must, therefore, hold the act to be a special law creating liens and providing a new method of collecting debts within the constitutional inhibition.

The judgment of the Superior Court is affirmed.