## Zinsser, for use of Thompson, Appellant, *v.* Zinsser.

*Attorney and client—Judgment—Lien of attorney on judgment obtained for his services—Rule to strike off.*

The lien which an attorney has for his services attaches only to a fund, or papers, actually in his possession, and the so-called lien upon a fund in his possession is rather in the nature of a right to defalcate.

The rule that an attorney may claim his fees as a preference out of money raised by his services when it has come within the grasp of the court, applies only to a court of equity, or to a proceeding in the orphans' court. It does not apply to a common law action, or to money in the hands of a sheriff under a writ of execution. An attorney has no title to a judgment which he secures.

Where an attorney, without the knowledge or authority of his client, filed a written order with the prothonotary directing him to mark to his use a certain amount of the principal of a judgment, obtained through his services, a decree of the court striking off such order will be sustained.

Argued May 1, 1924. Appeal, No. 175, April T., 1924, by use-plaintiff, from judgment of C. P. Allegheny Co., April T., 1921, No. 1094, striking off order in the case of William Zinsser, for the use of M. L. Thompson, v. Herman Zinsser. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

**462**      ZINSSER, Appellant, *v.* ZINSSER.

Rule to show cause why order filed with the prothonotary, making to plaintiff's use part of a judgment should not be stricken from the record.   Before MAC-FARLANE, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule.   Use-plaintiff, M. L. Thompson, appealed.

*Error assigned* was the decree of the court.

*Harry J. Nesbit,* for appellant, cited: Lodge v. Gaunt, 16 W. N. C. 438; Patten v. Wilson, 34 Pa. 299; Sullivan's Use v. Gorsline, 17 Pa. County Ct. 205; Griffiths v. Sears, use of Perot, 112 Pa. 523; Pancake v. Ackerman, 4 Del. 38; Ott & Son v. Fox, 12 Northampton 167.

*John F. Gloeckner,* for appellee.

OPINION BY KELLER, J., July 2, 1924:

The appellant in this case was attorney of record for William Zinsser in an action of assumpsit against Herman Zinsser.   A verdict was recovered for $768.36, upon which judgment was duly entered and a writ of fieri facias issued thereon.   While the writ of execution was outstanding, the defendant, without appellant's knowledge, settled with the plaintiff for $325 and obtained from him a letter of attorney or satisfaction piece acknowledging payment in full of the debt, interest and costs due on said judgment and directing the prothonotary to satisfy the same of record.   Before this power of attorney was entered, appellant, claiming that under his oral contract of employment by the plaintiff he was to receive a contingent fee of 50% of whatever amount was recovered in the action, but without the knowledge or authority of his client, filed a written order with the prothonotary directing him to mark to his (appellant's) use $384.18 of the principal of said judgment, "the same

being due him as his fees in said case," which was done. The defendant, asserting that he had no notice or knowledge of the contract between the plaintiff and his attorney, then secured a rule to strike off the paper marking one-half of the judgment to appellant's use, which was made absolute by the court. This appeal followed.

Appellant had no assignment from his client of one-half of the claim in suit or of the judgment recovered thereon; he had only an oral agreement that he should receive one-half of whatever amount was recovered. While, as against the plaintiff or his attaching creditors (Patten v. Wilson, 34 Pa. 299; Atkinson's App., 8 Sadler 292), this may have amounted to an equitable assignment of the half of the amount recovered, it did not constitute a legal transfer or assignment of the judgment, or any part of it, sufficient to affect the defendant, who, without notice thereof, settled with the plaintiff, or a third person who, without such notice, bought the judgment; nor did it furnish any justification or authority for marking the judgment to the appellant's use. It is true that in Lodge v. Gaunt, 16 W. N. C. 438 (1885), such a course was permitted by the Court of Common Pleas No. 2 of Philadelphia County and Judge MITCHELL refused to strike off such an order, but that was in connection with a dispute between attorney and client as to the fees due the former; and with all due respect to the learned judge who afterwards became Chief Justice, no decisions were cited by him upholding such unusual authority and we have been able to find none sustaining it. On the other hand it has been repeatedly held by our appellate courts that the lien which an attorney has for his services attaches only to a fund, or papers, actually in his possession: McKelvy's App., 108 Pa. 615; Seybert v. Salem Twp., 22 Pa. Superior Ct. 459; and this so-called lien upon a fund in his possession is rather in the nature of a right to defalcate: Dubois's App., 38 Pa. 231; Balsbaugh v. Frazer, 19 Pa. 95. The rule that an attorney may claim his fees as a preference out of money

raised by his services when it has come within the grasp of the court: Seybert v. Salem Twp., supra; Mann v. Wakefield, 11 Pa. Superior Ct. 18, (on the principle that he is the equitable owner thereof to the extent of the value of his services: McKelvy's App., supra), applies only to a court of equity, or to a proceeding in the orphans' court: Price's App., 116 Pa. 410; Spencer's App., 6 Sadler 488; it does not apply to a common law action: Q. & E. R. R. Co. v. Guarantors' L. I. Co., 206 Pa. 350; or to money in the hands of a sheriff under a writ of execution: Irwin v. Workman, 3 Watts 357. It was expressly declared in Dubois's App., supra, p. 235: "The attorney has no title to the judgment which he secures." The Act of May 6, 1915, P. L. 261, which attempted to give to an attorney a lien for his services upon the cause of action such as would attach to any verdict, judgment, or settlement thereunder, was declared unconstitutional: Laplacca v. Phila. R. T. Co., 265 Pa. 304, 307. An attorney at law has no authority as such to sell or assign the claim of his client to a third person: Rowland v. Slate & Moyer, 58 Pa. 196; nor a judgment obtained by him for his client, unless ratified by the receipt of the money or otherwise: Campbell's App., 29 Pa. 401. Much less can he do so to himself or for his own benefit: Bosler v. Searight, 149 Pa. 241.

It would seem that appellant has been badly treated by his client and he has apparently a just ground of complaint against the latter on that score. It may also be that this appellee's hands are none too clean; but we cannot on that account extend to appellant a remedy which the law does not afford.

The assignment of error is overruled and the order of the court below is affirmed at the costs of the appellant.