Appeal of L. L. Kimmell.

Argued April 8, 1929.

Before Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Raymond E. Brown,* for appellant.

*Geo. F. Whitmer,* for appellees.

Opinion by Baldrige, J., July 2, 1929:

On February 26, 1914, Frank P. Snyder leased to the Manufacturers' Gas Company the oil and gas rights under a tract of land in Jefferson County containing one hundred and one (101) acres. Thereafter, this lease was assigned by the Manufacturers' Gas Company to Hanley and Bird.

On March 12, 1919, Frank P. Snyder sold to L. L. Kimmell twenty-nine (29) acres and thirty-nine (39) perches of the tract which he had leased to the Manufacturers' Gas Company, without reserving the oil and gas. After the execution of the lease to the gas com-

490

pany and before the conveyance to Kimmell, three gas wells had been drilled and were in operation, but there was no well on the part sold to Kimmell.

On December 13, 1926, Kimmell gave notice that he, as owner of a part of the original tract of one hundred and one (101) acres, claimed a portion of the gas rentals due under the Hanley and Bird lease. On October 15, 1927, a petition was presented by Hanley and Bird setting forth these facts, praying the court to make an order directing that Frank P. Snyder and L. L. Kimmell appear and show cause why declaratory judgment proceeding should not be had to determine to whom the rentals then due and to become due should be payable. An answer was filed by Frank P. Snyder in which he raised the question that the proceeding was improper as the petitioner and Kimmell had full, complete and adequate remedies at law, and therefore did not come within the contemplation of the Declaratory Judgment Act of June 18, 1923, P. L. 841. The lower court dismissed the petition but placed the costs on L. L. Kimmell, one of the respondents, and as a result this appeal was taken.

The purpose of passing the Uniform Declaratory Judgment Act, supra, was that "issues could be speedily determined, which otherwise would be delayed, to the possible injury of those interested if they were compelled to wait the ordinary course of judicial proceedings. No other substantial reason existed for the passage of the statute, and hence where, as here there was no necessity for resorting to it, it should not have been employed": List's Estate, 283 Pa. 255.

Chief Justice von Moschzisker, in elaborate discussion of the Uniform Declaratory Judgment Act in Kariher's Petition, 284 Pa. 455, held that it is a matter of judicial discretion whether or not jurisdiction will be taken in applications for declaratory judgments, but a proceeding to obtain a judgment will not

be entertained where another remedy has been specially provided. That such a proceeding was not intended and does not supplant or supplement remedies already afforded litigants.

Equity affords relief to one who desires to discharge an acknowledged obligation but is confronted with conflicting claimants. The main requisite of equity jurisdiction is that the interpleader bill should set forth (1) that the defendant has no interest in the fund in controversy; (2) that he is ready to bring the fund into court to abide the result of the interpleader; (3) that there should be a claim by two or more parties to the fund: Penn Mut. Ins. Co. v. Watson, 2 W. N. C. 485; Wilbraham v. Horrocks, 8 W. N. C. 285. All these essentials were present in this case.

Kimmell was not taking any steps to prosecute his claim and in the event he or the other respondent would have instituted action against Hanley and Bird, the petitioners, they could have fully protected themselves by presenting a petition setting forth the diverse claims and asking for an interpleader under Act of May 11, 1836, P. L. 158: Pennsylvania Railroad Co. v. Wolfe, 203 Pa. 269; Quakertown and Eastern Railroad v. Guarantors' Liability and Indemnity Co., 209 Pa. 121; Railroad Co. v. Broderick, 2 Blair County Reports 349; Bechtel v. P. W. Sheafer, 117 Pa. 555. The petitioners therefore should not have resorted to this method to establish issues involved as an adequate remedy already existed.

The placing of the costs upon Kimmell was not warranted. It was not he who instituted the proceedings. He was brought into court to answer a proceeding ill-advisedly initiated by the petitioners. The mere fact that he gave notice that he claimed a payment of his share of the royalties does not justify the imposition of costs resulting from the institution of the proceedings which the petitioners did not have a legal right

492

to bring. That part of the order of the court is therefore modified. The decree of the lower court is affirmed but the costs are placed upon the petitioners instead of L. L. Kimmell, one of the respondents.

Judgment affirmed except as to the costs which the petitioners are directed to pay.