One receives an impression in this case that, behind legal forms, there is maneuvering for the accomplishment of an ulterior purpose.
The controversy came to this court once before: Ruzyc v.Brown, 320 Pa. 213. Plaintiffs and defendants exchanged lands respectively owned by them; in each instance the grantees assumed and agreed to pay, as part of the consideration, the mortgage debts secured on the land conveyed to them. When the mortgage on the *Page 63 
property deeded to defendants matured, and payment was demanded, they defaulted. The mortgagee, Dora Bumbaugh (use plaintiff), entered judgment against plaintiffs on their bond, sold the property in execution, and bought it in at sheriff's sale. She then entered a deficiency judgment against plaintiffs. The latter in turn brought the present suit, to her use, for the amount of the deficiency judgment. Defendants resisted payment on the ground that the property was worth more than the sum realized at sheriff's sale. This court held, in conformity with established Pennsylvania law, that the value of the land was immaterial, the amount of the deficiency being determinable by the price brought at the sale, and directed the court below to grant judgment for plaintiffs in the amount of the deficiency judgment. Accordingly judgment was entered for $3,423.57, with interest from November 3, 1932, and costs. Shortly thereafter E. Denny Brown, son of defendants, paid to the mortgagee $3,905.32, representing debt, interest and costs, and obtained from her an assignment of her right, title and interest in the judgment. Plaintiffs caused a writ of fi. fa. to issue and a levy was made on defendants' personal property. E. Denny Brown filed a petition setting forth that the judgment belonged to him, not to plaintiffs, and that he had not authorized the execution; on this petition a rule was granted to show cause why the fi. fa. should not be stricken from the record and the levy set aside. Plaintiffs filed an answer averring that during the proceedings they had paid $50 to the mortgagee on account of the mortgage interest, that, included in the judgment, was a fee of $150 for their attorneys, that plaintiffs' purpose in obtaining the judgment was to protect themselves against liability on the deficiency judgment against them, and that defendants and their son were conspiring to defeat plaintiffs' right to such protection. After argument upon petition and answer, the court below held that "E. Denny Brown is now owner of the said judgment and would *Page 64 
have the right to control it and direct what steps should be taken to enforce it." Accordingly the court vacated plaintiffs' writ of execution and declared it to be null and void. Plaintiffs now appeal from that order.
When the case was previously before this court it was said by Mr. Justice LINN (pp. 217-18): "It is the settled doctrine of our decisions since the Act of June 12, 1878, P. L. 205, that while the covenant implied from a conveyance 'under and subject,' without more, is an agreement to indemnify against loss, the obligation is more comprehensive when the grantee expressly agrees to pay the mortgage debt; in such cases the obligation is to indemnify against liability. When the debt matured and defendants failed to pay they became liable on their contract with the grantors. The grantors were liable to the mortgagee and might then have required payment in full to her, in which event she would have been required to satisfy the mortgage in the interest of defendants who held the land; the defendants would then have the land clear of the encumbrance and would have paid only what in the beginning they agreed to pay. In default of payment the defendants of course became liable to suit to satisfy the obligation for which their grantors had become liable at maturity." The action was properly brought in the name of the grantors to the use of the mortgagee: Britton v. Roth, 313 Pa. 352, 356; Frey v. UnitedTraction Co. of Pittsburgh, 320 Pa. 196, 199. The mortgagee might also have brought suit in her own name as beneficiary of the contract by which defendants expressly assumed payment of the mortgage debt: Fair Oaks Building Loan Association v.Kahler, 320 Pa. 245, 252.
The difficulty with the present record is that it is not clear in what capacity E. Denny Brown paid to the mortgagee the amount of the judgment and obtained from her an assignment. If he was acting as agent for defendants, the deficiency judgment was thereby liquidated; plaintiffs would have accomplished the object *Page 65 
of the present suit, and all that they would now be entitled to would be to have the deficiency judgment marked satisfied. On the other hand, if E. Denny Brown did not act as agent for his parents, but with his own funds purchased the right, title and interest of the mortgagee in the judgment, the action would be in exactly the same position as when it was begun, except for the addition to the record of his name as assignee of the use plaintiff. It is informally stated in the brief of appellants that the deficiency judgment also was assigned by Dora Bumbaugh to E. Denny Brown, and that he has issued an execution thereon against plaintiffs, but they have secured a temporary stay of the writ. If this be true, it would indicate that he does not regard the deficiency judgment as liquidated by his payment to Dora Bumbaugh. Until, therefore, the basic question as to the capacity in which the payment was made by E. Denny Brown is determined, the rights of the parties in respect to the present issue cannot properly be adjudicated.
The argument that plaintiffs' attorneys have an interest in the judgment to the extent of their fee is without merit. Whatever be the law in other jurisdictions, it is well settled in our own state that an attorney has no lien upon a judgment recovered by him for a client in a common-law action:Zinsser v. Zinsser, 83 Pa. Super. 461. Indeed the statute attempting to establish such a lien was declared unconstitutional: Laplacca v. Philadelphia Rapid Transit Co.,265 Pa. 304. Moreover, the attorneys, not being parties to the record, cannot assert any rights in these proceedings. Plaintiffs themselves are not concerned, because, even had defendants paid the amount of the judgment direct to them, they, in order to satisfy the mortgage debt, would have been obliged to turn the entire sum over to the use plaintiff without deduction of a fee for their own attorneys.
In view of all the circumstances, we deem it best to make the following order: *Page 66 
The record is remanded to the court below that depositions may be taken by the parties under the petition and answer, in order to establish whether the money paid by E. Denny Brown to the mortgagee was a liquidating payment of the judgment made on behalf of defendants, or a purchase thereof on his own account. If it be adjudged by the court that the payment of the money was in satisfaction of the judgment, the deficiency judgment held against plaintiffs by the use plaintiff shall be marked satisfied of record, and E. Denny Brown shall also mark the judgment in the present action satisfied of record. If, on the other hand, it be determined that the money was paid by way of purchase of the judgment, the court below shall vacate its order and shall allow plaintiffs to proceed with their writ of execution. In either event, if plaintiffs prove their allegation that they paid $50 to the mortgagee on account of interest, they are entitled to recover that amount from defendants before the judgment in the present action is satisfied. Costs to be paid by defendants.