## Blakeley's Petition

*J. Alfred Wilner* and *W. J. Blakeley*, for petitioner.

*Walter P. Smart* and *Nicholas R. Criss*, for respondents.

KENNEDY, J., July 1, 1940.—The matter before the court is the petition of William J. Blakeley, Esq., a member of this bar, for a charging lien upon the award of compensation in a condemnation proceeding of real estate, as against the county, school district, and City of Pittsburgh tax collection authorities, and also against the mortgagee of the property.

It appears from the petition that Mr. Blakeley was employed by one Mildred M. Scott, the owner of the property later condemned by the Housing Authority of the City of Pittsburgh, either to negotiate a settlement or to prosecute her case before the board of viewers and, if necessary, in this court. For said services, under a power of attorney dated May 29, 1939, he was to receive for his services and the employment of expert witnesses, investi-

gation, etc., 40 percent of the gross amount agreed upon or recovered in a judicial proceeding.

Negotiations apparently failed and on June 13, 1939, at the above number and term, the Housing Authority of the City of Pittsburgh petitioned this court for the appointment of viewers to assess the value of the property of Mildred M. Scott. A surety bond satisfactory to her was delivered.

The list of liens attached to the petition disclosed that taxes were overdue to the city, the county, and the school district, from 1930 to date, and in the sum of approximately $1,470; also, that there was a mortgage of record against the property condemned, dated October 5, 1923, recorded in M. B. V. 1895, p. 35, in the amount of $3,000 and assigned to one Eleanor S. Severance on October 5, 1926.

In due course, the board of viewers, after hearings, filed its report, awarding damages in the sum of $1,-584.40. The board of viewers had originally allowed, as the value of the land and improvements condemned, the sum of $1,884.40, but, on exceptions filed by the housing authority, reduced the sum to the amount above set forth. No appeal was taken, either by the owner or the condemnor.

Petitioner, Blakeley, now claims a charging lien against this fund in the sum of $633.76. Counsel for the respective taxing authorities have demurred to the petition, claiming that there is no authority in this court, under the allegations set forth in the petition, to allow a charging lien against overdue taxes on the property that was condemned. It is admitted by Mr. Blakeley that he had no contract with the county, city, or school district to represent them in connection with obtaining the greatest amount possible for the property. However, based on equitable principles, he claims that his services helped to create the fund and that therefore all parties benefiting thereby should bear a proportionate part of his fees and expenses. In support of this position, it is urged that

the case of Harris' Appeal, 323 Pa. 124, is controlling. In that case it was decided by the Supreme Court that where an attorney was employed by the owner of a property to be condemned, with knowledge of the first mortgagee, and where by his efforts and endeavors a substantial award was recovered, the mortgagee could not appropriate the whole fund (which was less than the mortgage) without paying something in the nature of a quantum meruit to the attorney who had performed all the work. In that case it appears that Mrs. Harris, the owner of the property, was insolvent and that the attorney would have no hope of recovering, on his contract of 10 percent gross, from her; also, that the mortgagee's equitable interest in the property condemned was carefully conserved by the attorney and that by its nonaction it acquiesced in all of his endeavors.

Petitioner also cites the cases of Hempstead et al. v. Meadville Theological School, 286 Pa. 493, McKelvy's Appeal et al., 108 Pa. 615, Smyth v. Fidelity & Deposit Co. of Md., 125 Pa. Superior Ct. 597 (affirmed by the Supreme Court, in 326 Pa. 391), Peoples-Pittsburgh Trust Co. v. Pittsburgh United Corp. et al., 334 Pa. 107, Wilbur's Estate, 334 Pa. 45, Zinsser, for use, v. Zinsser, 83 Pa. Superior Ct. 461, and Packard v. Pittsburgh Rys. Co., 87 Pitts. 169. In none of these cases was there a charging lien allowed to an attorney against overdue taxes on a property that was either condemned or was sold in some other court proceeding. All these cases are based upon the equitable principle that where an attorney, by his skill, enterprise, and accomplishment, has brought about favorable and substantial results, if a court can invoke equitable principles, he should be justly compensated. Counsel for the taxing authorities take the position that overdue taxes under statutory authority become preferential liens in judicial and in other court-controlled proceedings. In the case of Briegel v. Briegel et al., 307 Pa. 93, it was held that the effect of condemnation of land for public use is the same as an involuntary or a

judicial sale of land. The statutes which control the distribution of a fund in the hands of the sheriff or any other custodian in an involuntary sale are those of the Act of May 16, 1923, P. L. 207, secs. 2 and 15, also sections 1 and 2 of the Act of May 22, 1895, P. L. 111, 53 PS §§2022a and 2022b. Without quoting at large from the sections of the acts above referred to, it is sufficient to say that the legislative direction is that taxes in the order of their priority shall first be paid out of funds created at judicial sale. No provision is made in the statutes, nor is there any appellate judicial determination, that the attorney representing either the owner of the property or the lien creditor who brings about the sale is entitled to any remuneration at the expense of the municipalities where it is shown that taxes are a lien against the property or the fund created from the sale of the property.

Under the Act of June 11, 1915, P. L. 942, 26 PS §123, it is provided that in condemnation cases the court shall make an order distributing the fund, "First to the owners of said liens then to the owners of the property appropriated as aforesaid." Of course it is admitted that all the taxes involved in this proceeding were liened against the property appropriated and that the lien for those taxes is now transferred to the fund.

Our attention also is called to the fact that petitioner could have ascertained that there was an accumulation of tax liens against the property when he made his contract with Mrs. Scott, and further that he was apprised of these liens when the petition for viewers was presented in court. In the case of Stone v. Carbondale School Dist., 306 Pa. 541, syllabi 1 and 2 read as follows:

"1. Where a school district has exonerated the treasurer from a collection of school taxes, it cannot, under the Act of May 18, 1911, P. L. 309, employ a special attorney to collect the taxes. If suits have to be instituted to collect the imposed taxes, that duty devolves upon the regularly appointed solicitor of the board. [543-544]

"2. The employment of special counsel by the board should never be resorted to save under conditions which are unusual and exceptional, and when there is a real requirement for additional skill and knowledge. [544]"

While it is unfortunate for Mr. Blakeley, who has put forth considerable effort and skill in the handling of this condemnation proceeding, yet it is our conclusion that so far as the claims for taxes are concerned, under the law he is not entitled to a charging lien and that this money must pass to the respective tax collectors, without any deduction from any source. According to the petition, it will require approximately $1,470.60 to clear the delinquent taxes, so that the Housing Authority of the City of Pittsburgh will obtain a title or a right in the land condemned, free of any past taxes. There would be, therefore, left in the fund the sum of approximately $109, which would go to the assignee of the mortgage, Mrs. Severance. The record discloses that Mrs. Severance had knowledge that Mr. Blakeley was handling this matter for the property owner and mortgagor, Mrs. Scott. She also accepted service of the notice that this petition for a charging lien would be filed and no objections have been interposed by her.

We are of the opinion that the amount going to her should be charged with a lien in favor of petitioner, Mr. Blakeley, in 50 percent of the amount. This certainly appears to be a most inadequate sum for the work that he has performed; however, based on the reasoning in Harris' Appeal, supra, all her equity, even though only the sum of $109, should not be absorbed in attorney's fees.

### Order

And now, July 1, 1940, after argument and consideration of briefs, it is ordered that the demurrers ex parte City of Pittsburgh, School District of the City of Pittsburgh, and the County of Allegheny, to the petition, be and the same are hereby sustained; and the petition of William J. Blakeley, Esq., for a charging lien against

any delinquent taxes and now in the fund held by the Housing Authority of the City of Pittsburgh, be and the same is dismissed.

It is further ordered that a charging lien of one half of the sum that will go to Mrs. Eleanor S. Severance, assignee of the mortgagee, after the payment of delinquent taxes, is allowed to petitioner, William J. Blakeley, Esq., and a judgment may be entered in his favor for the amount yet to be liquidated.