## Syme *v.* Bankers National Life Insurance Company (et al., Appellant).

Argued April 20, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and EAGEN, JJ.

*Samuel P. Lavine,* with him *Sigmund H. Steinberg,* and *Blanc, Steinberg, Balder & Steinbrook,* for appellant.

*Owen B. Rhoads,* with him *William H. Lowery,* and *Barnes, Dechert, Price, Myers & Rhoads,* for appellee.

OPINION BY MR. JUSTICE BELL, May 23, 1960:

Plaintiffs sued defendant on a life insurance policy on the life of M. Herbert Syme who died on August 17, 1956. This Court directed that judgment be entered for the plaintiffs "for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered." *Syme v. Bankers National Life Insurance Company,* 393 Pa. 600, 144 A. 2d 845. The Court below thus states the facts:

"Pursuant to this decision, no legal or equitable cause being shown why judgment should not be entered, this Court ordered judgment in favor of plaintiffs and against defendant in the sum of $13,250 as the amount presently due upon the contract of insurance, and adjudged that the contract of insurance remain a binding and valid contract unchanged by either the judgment or satisfaction thereof."

Appellants are attorneys for plaintiffs. They filed a petition to establish an attorney's *charging lien* upon the proceeds of the life insurance policy which was payable to plaintiffs, as above set forth. Appellants recited in their petition that as a result of their efforts plaintiffs will receive the sum of $76,750 from defendant. Plaintiffs orally agreed to pay appellants a contingent fee of 25% "payable out of the insurance policy proceeds," together with the sum of $450 advanced by appellants for costs and expenses. Each plaintiff receives $125 per month under the policy and pays 25% thereof, or $31.25, to appellants. The final payment of appellants' fee is payable from the lump sum payment of $25,000 due to plaintiffs under the policy in 1965.

Defendant filed an answer to the petition. Plaintiffs filed a consent to appellants' petition, agreeing therein that the defendant insurance company pay to appellants out of the sums due to plaintiffs certain specified amounts from time to time and agreed further to execute assignments to appellants of these aforesaid amounts as they became due and payable. The appellants did not make any claim under the proposed or actual assignment for the obvious reason, as we shall see, that an assignment could not be sustained either under the insurance contract or under the law. The appellants have been paid by their client the agreed upon contingent fee as and whenever payments were received from the defendant by the plaintiffs. There is no fund in existence, or payable at the present time by defendants to plaintiffs, in which the appellants have any interest.. The lower Court dismissed the petition.

The law of Pennsylvania, contrary to that in a number of other jurisdictions, is that an attorney has no lien upon a judgment recovered by him for a client in a common law action: *Ruzyc v. Brown,* 327 Pa. 61, 192 A. 876, *Zinsser v. Zinsser,* 83 Pa. Superior Ct. 461. In *Ruzyc v. Brown,* the Court said: "The argument that plaintiffs' attorneys have an interest in the judgment to the extent of their fee is without merit. Whatever be the law in other jurisdictions, it is well settled in our own state that an attorney has no lien upon a judgment recovered by him for a client in a common-law action: Zinsser v. Zinsser, 83 Pa. Superior Ct. 461. Indeed the statute attempting to establish such a lien was declared unconstitutional: Laplacca v. Philadelphia Rapid Transit Co., 265 Pa. 304. . . ."

In *Zinsser v. Zinsser,* supra, the attorney of record for the plaintiff made a claim against the judgment he obtained for the plaintiff in an action in assumpsit. As

in the instant case, the attorney's claim was predicated on an agreement with the plaintiff by which the attorney was to receive a certain percentage of the amount recovered in the action. The court denied the attorney's claim and said (pages 463-464): ". . . The rule that an attorney may claim his fees as a preference out of money raised by his services when it has come within the grasp of the court [citing cases], (on the principle that he is the equitable owner thereof to the extent of the value of his services . . .), applies only to a court of equity, or to a proceeding in the orphans' court [citing cases]; it does not apply to a common law action [citing cases] . . . The Act of May 6, 1915, P. L. 261, which attempted to give an attorney a lien for his services upon the cause of action such as would attach to any verdict, judgment, or settlement thereunder, was declared unconstitutional: Laplacca v. Phila. R. T. Co., 265 Pa. 304, 307. . . ."

The petition in the instant case does not arise in a Court of Equity or in the Orphans' Court.

Moreover, the imposition of a charging lien in a case such as the instant one is prohibited both by the terms of the insurance policy and by statute. The contract clearly and specifically provides: "Protection of Proceeds—Except as may be otherwise provided by the written election, no payee shall have any right to assign, alienate, anticipate, or commute, any instalments or payments, to make withdrawals of proceeds, or to make any change in the option elected; and to the extent permitted by law, the amount retained by the Company and the payments under the supplementary contract shall not be subject to claims of any creditor of any payee or to the execution or other legal process on behalf of any creditor of any payee."

"Protection of Proceeds—Commutation—No beneficiary shall have the right to transfer, assign, or en-

cumber any of the payments hereunder, nor shall any beneficiary have the right to commute any of the payments hereunder or to change the method of settlement in any way, unless otherwise specifically provided by endorsement on the policy by the Company prior to the death of the insured; and, to the extent permitted by law, the payments hereunder shall not be subject to claims of any creditor of any beneficiary, nor to the execution or other legal process on behalf of any creditor of any beneficiary."

The terms of the insurance policy were intended to protect first and primarily the beneficiaries, and secondly the insurance company, which is thereby justifiably protected from the uncertainty, hazard and expense of resolving conflicting claims and of making a number of payments and the possibility of double liability.

Furthermore, the validity and effectiveness of such protective provisions in an insurance policy were fortified by Section 1 of the Act of May 17, 1919, P.L. 208, §1, as amended by the Act of April 26, 1923, P.L. 104, §1, 40 PS §514: ". . . whenever under the terms of any policy of life insurance issued by any insurance company, . . . the proceeds are retained by such company at maturity or otherwise, no person entitled to any part of such proceeds, or any instalment of interest due or to become due thereon, shall be permitted to commute, anticipate, encumber, alienate, or assign the same, or any part thereof, if such permission is expressly withheld by the terms of such policy or supplemental agreement; and if such policy or supplemental agreement so provides, no payments of interest or of principal shall be in any way subject to such person's debts, contracts, or engagements, nor to any judicial processes to levy upon or attach the same for payment thereof; . . ."

This Statute is to be construed as being primarily for the benefit and protection of the insured and his family, and secondly for the information and benefit of the insurer, and not for the protection of creditors. Cf. *Provident Trust Co. v. Rothman,* 321 Pa. 177, 185, 183 A. 793; *Kenin's Trust Estate No. 1,* 343 Pa. 549, 561, 23 A. 2d 837.

Appellants, in effect, ask this Court not only to disregard and nullify the clear provisions of the insurance policy and also the protective provisions of the Amendatory Act of 1923, but argue that parties will be injured because attorneys will not take cases under contingent fee agreements unless they are able to obtain a charging lien on the judgments which they recover for their clients. This contention and this argument are devoid of merit.

We quote with approval the following from the able opinion of Judge SPORKIN, speaking for the lower Court: "The case at bar is devoid of any factors necessitating recognition of an attorney's charging lien on equitable principles. The defendant insurance company, of course, has not benefited from the petitioners' services in this action, and the insurance company does not seek to appropriate or claim the proceeds of the insurance policy, or any portion thereof, for its own use. Conversely, were this Court to order a charging lien on the proceeds of the subject insurance policy, injustice would be imposed upon the defendant who made a contract prohibiting such a lien. The terms of the contract were known to petitioners prior to the time they rendered their services to the plaintiffs in this action. In addition, it is averred by petitioners that plaintiffs have agreed to pay their attorneys' fee, and that plaintiffs continue to so agree; there is no averment that plaintiffs are insolvent or that petitioners' fee is in jeopardy for any other reason.

"There being no legal or equitable consideration sufficient to justify the imposition of the requested charging lien, the petition is discharged."

The Order of the lower Court is affirmed.